**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EUROW & O'REILLY CORP., Plaintiff,

v.

SUPERIOR MANUFACTURING GROUP, INC., Defendant.

CV 14-6595-RSWL (VBKx)

**Order re: Defendant's Motion to Strike Plaintiff's Affirmative Defenses to Defendant's Counterclaims** [22]

**INTRODUCTION**

Currently before the Court is Defendant Superior Manufacturing Group, Inc.'s ("SMG" or "Defendant") Motion to Strike Plaintiff's Affirmative Defenses to Defendant's Counterclaims [22]. Defendant's Motion [22] arises out of Plaintiff Eurow & O'Reilly Corp.'s ("Eurow" or "Plaintiff") action for declaratory relief

regarding trademark rights in the mark "NeatTrax." First Amend. Compl. ("FAC") ¶¶ 1, 12, ECF No. 16. Defendant's Answer included federal and state counterclaims for trademark infringement. Answer 17:22-26:28, ECF No. 17. Plaintiff's Answer to Defendant's Counterclaims [21] asserts twenty-three affirmative defenses. Defendant moves pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike all twenty-three affirmative defenses, or, in the alternative, moves pursuant to Rule 12(e) for a more definite statement. Def.'s Mot. Strike Pl.'s Affirmative Defenses ("Mot.") 2:12-17, 4:12-5:16, ECF No. 22.

    The Court, having reviewed all papers submitted and pertaining to this motion, **NOW FINDS AND RULES AS FOLLOWS:** The Court **GRANTS in part and DENIES in part** Defendant's Motion to Strike Plaintiff's Affirmative Defenses to Defendant's Counterclaims [22].

<p style="text-align:center;">**BACKGROUND**</p>

    Plaintiff Eurow is a family-owned California corporation that manufactures and sells microfiber and sheepskin products via both wholesale and retail channels. FAC ¶ 2. Defendant SMG is a large Illinois corporation and a worldwide leading manufacturer of floor matting products. Def.'s Countercls. ("Countercls.") ¶ 1, ECF No. 17. This action arises out of a dispute over trademark rights in the mark "NeatTrax." See FAC ¶ 25; Answer ¶ 25. Plaintiff

requests a declaratory judgment that Plaintiff's use of the "NeatTrax" mark "does not infringe trademarks putatively owned by the Defendant."  FAC ¶ 1.

Defendant's Answer [17] asserts counterclaims of Federal Trademark Infringement in violation of 15 U.S.C. § 1114; False Designation of Origin in violation of 15 U.S.C. § 1125(a); Common Law Trademark Infringement; violation of the California Unfair Trade Practices Act, Cal. Bus. & Prof. Code § 17200; and California Common Law Unfair Competition.  Answer 17:22-26:28.  Plaintiff's Answer to Defendant's Counterclaims [21] asserts twenty-three affirmative defenses.  Defendant moves pursuant to Fed. R. Civ. P. 12(f) to strike all twenty-three of Plaintiff's affirmative defenses for legal or factual inadequacy, or, in the alternative, requests an order pursuant to Rule 12(e) requiring Plaintiff to make a more definite statement.  Mot. 2:12-17, 4:12-5:16.

Defendant/Counter-Plaintiff filed the present Motion to Strike [22] on December 19, 2014.  Plaintiff/Counter-Defendant timely filed its Opposition [25] on January 6, 2015.  The time for a reply has lapsed, and no reply has been filed.  The Motion [22], set for hearing on January 27, 2015 [24], was taken under submission on January 21, 2015 [27].

## DISCUSSION

**A.  Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(f),

3

the Court may, on its own or on a party's motion, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matter from a pleading. Fed. R. Civ. P. 12(f); Amini Innovation Corp. v. McFerran Home Furnishings Inc., No. CV-13-6496-RSWL, 2014 WL 360048, at *2 (C.D. Cal. Jan. 31, 2014). The function of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).

The grounds for a motion to strike must appear on the face of the pleading under attack. Id. The Court must view the pleading under attack in the light most favorable to the pleader. Amini, 2014 WL 360048, at *2. If a motion to strike is granted, leave to amend should be freely given unless leave to amend would not be in the interests of justice. Id. (citing Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979)).

**B.  Insufficient Defense**

"An affirmative defense may be insufficient as a matter of pleading or as a matter of law." Empl. Painters' Trust v. Pac. N.W. Contractors, Inc., No. C13-05018-BHS, 2013 WL 1774628, at *4 (W.D. Wash. Apr. 25, 2013).

  1.  Legal Insufficiency: Not an Affirmative Defense

"[A]n affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts

4

the defendant might allege.'"  Empl. Painters' Trust, 2013 WL 1774628, at *4 (quoting McArdle v. AT&T Mobility LLC, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009), rev'd on other grounds, 474 F. App'x 515 (9th Cir. 2012)).  If an allegation is labeled an "affirmative defense" but is not a proper affirmative defense, the "affirmative defense" fails as a matter of law, but the allegation itself may still be properly asserted in a different manner, such as in a motion to dismiss or as a specific denial.  See, e.g., Vogel v. OM ABS, Inc., No. CV 13-01797 RSWL, 2014 WL 340662, at *3 (C.D. Cal. Jan. 30, 2014).

   An affirmative defense "plead[s] matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true."  G & G Closed Circuit Events, LLC v. Nguyen, No. 10-CV-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) (internal quotation marks omitted).  Thus, an allegation that "demonstrates that plaintiff has not met its burden of proof" or that "points out a defect in the plaintiff's prima facie case" is "not an affirmative defense." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).

   The Court finds that the following allegations labeled as "affirmative defenses" in Plaintiff's Answer to Defendant's Counterclaims are not proper affirmative defenses because they challenge prima facie elements of

5

Defendant SMG's counterclaims: First through Nineteenth[1] and Twenty-Second affirmative defenses.  Defendant's Motion to Strike these "affirmative defenses" is **GRANTED**.  Plaintiff's First through Nineteenth and Twenty-Second affirmative defenses are **HEREBY STRICKEN WITH PREJUDICE** for failure to be affirmative defenses as a matter of law; Plaintiff may still assert the underlying allegations in any other proper manner, such as in a motion to dismiss.

Plaintiff's Twenty-Third Affirmative Defense asserts that Defendant's "state law claims are preempted by Federal Law including the Lanham Act because the state law claims are based upon the same conduct as the federal claim for infringement."  Pl.'s Answer to Def.'s Countercls. ("Pl.'s Answer") 16:16-20.  Defendant asserts state-law counterclaims of California common law trademark infringement, California common

---

[1] Plaintiff asserts as its "Third Affirmative Defense" that Defendant is "estopped" from making various claims due to admissions Defendant made in its filings.  Pl.'s Answer to Def.'s Countercls. ("Pl.'s Answer") 7:19-8:3.  Specifically, Plaintiff asserts that Defendant cannot argue rights to a "family" of "Trax" marks because Defendant allegedly "admitted" that the term "Trax" was descriptive, and descriptive marks cannot serve as a basis for rights in a "family" of marks. Id.  The Court finds that these allegations function as an evidentiary challenge to elements of Defendant's prima facie claims and thus considers Plaintiff's "Third Affirmative Defense" to be an improperly labeled affirmative defense.  Further, these allegations do not support the affirmative defense of equitable estoppel, which requires a showing of detrimental reliance. In re Marino, 813 F.2d 1562, 1566 (9th Cir. 1987) (finding that an evidentiary "admission" did "not amount to grounds for equitable estoppel" because "[d]etrimental reliance is a prerequisite for equitable estoppel").

law unfair competition, and violations of the California Unfair Trade Practices Act. Plaintiff's allegation that such state-law claims are "preempted by Federal Law including the Lanham Act because the state law claims are based upon the same conduct as the federal claim for infringement" fails under clearly established law and is impertinent.[2] Defendant's Motion to Strike this affirmative defense is **GRANTED**, and Plaintiff's Twenty-Third Affirmative Defense is **STRICKEN WITH PREJUDICE** for failure as a matter of law.

    2.  <u>Pleading Insufficiency</u>

A defense is insufficiently pled if it fails to give the plaintiff "fair notice" of the nature of the defense. <u>Wyshak v. City Nat'l Bank</u>, 607 F.2d 824, 827 (9th Cir. 1979). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense," but a "detailed statement of facts is not required." <u>Amini</u>, 2014 WL 360048, at *2 (internal quotation marks omitted).

Plaintiff's Twentieth Affirmative Defense alleges

---

[2] <u>See, e.g.</u>, <u>Jada Toys, Inc. v. Mattel, Inc.</u>, 518 F.3d 628, 634 (9th Cir. 2007) (noting that the analysis for trademark dilution claims under "both federal and California state law . . . is the same"); <u>Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.</u>, 998 F. Supp. 2d 890, 897 (C.D. Cal. 2014) (noting that the elements of trademark infringement, unfair competition, and false designation of origin under the Lanham Act and California law were the same and thus could be combined into a single analysis); <u>Philip Morris USA Inc. v. Liu</u>, 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007) ("Proof of trademark infringement under the Lanham Act independently constitutes unfair competition under California law.").

7

that Defendants have "failed to mitigate its damages, if there be any." Pl.'s Answer 15:14-19. Though Plaintiff does not allege specific facts to support its allegation, "'[c]ourts have typically held that a generalized statement . . . meets [a party's] pleading burden with respect to the affirmative defense of damage mitigation.'" <u>Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.</u>, No. EDCV 11-197 RSWL (DTBx), 2011 WL 3809933, at *2 (C.D. Cal. Aug. 25, 2011).[3] The Court **DENIES** Defendant's Motion to Strike Plaintiff's Twentieth Affirmative Defense. <u>See</u> <u>id.</u>

Plaintiff's Twenty-First Affirmative Defense alleges "Waiver, Acquiescence & Estoppel." Pl.'s Answer 15:20-16:11. "Waiver is an 'intentional relinquishment or abandonment of a known right.'" <u>J & J Sports Prods.</u>, at *3 (quoting <u>United States v. Perez</u>, 116 F.3d 840, 845 (9th Cir. 1997)). "Acquiescence" is established when "the owner of the trademark . . . [conveys] to the defendant through affirmative word or deed" that the trademark owner "expressly or impliedly consents to the infringement." <u>Desert European Motorcars</u>, 2011 WL 3809933, at *6. Here, Plaintiff asserts that "SMG had actual or constructive knowledge

---

[3] <u>See</u> <u>J & J Prods., Inc. v. Delgado</u>, No. CIV. 2:10-2517 WBS KJN, 2011 WL 219594, at *2 (E.D. Cal. Jan. 19, 2011) (stating that "at this stage, the court declines to strike the affirmative defense" of failure to mitigate damages because the court was "not 'convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'").

8

that numerous other companies . . . use and register . . . trademarks containing or consisting of the word 'trax'" and that SMG "never asserted rights to or objections based upon its [rights in the] putative 'family of trax marks.'"  Pl.'s Answer 15:23-16:11. The Court finds that Plaintiff has pleaded sufficient facts to give Defendants fair notice of its affirmative defenses of waiver and acquiescence.

To establish the affirmative defense of estoppel, "a party must show that the adverse party, either intentionally or under circumstances that induced reliance, engaged in conduct upon which the relying party relied and that the relying party acted or changed its position to its detriment." <u>Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.</u>, No. EDCV 11-197 RSWL (DTBx), 2011 WL 3809933, at *3 (C.D. Cal. Aug. 25, 2011) (internal quotation marks and internal modifications omitted).  Upon review of the pleading, the Court finds that Plaintiff has pleaded sufficient facts to put Defendant on fair notice of its affirmative defense of estoppel.  As such, the Court **DENIES** Defendant's Motion to Strike Plaintiff's Twenty-First Affirmative Defense(s) of waiver, acquiescence, and estoppel.

## CONCLUSION

Based on the foregoing, the Court **GRANTS in part and DENIES in part** Defendant's Motion to Strike Plaintiff's Affirmative Defenses to Defendant's

Counterclaims [22] as follows:

    1. The following "affirmative defenses" in Plaintiff's Answer to Defendant's Counterclaims are **HEREBY STRICKEN WITH PREJUDICE**: First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eight, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twenty-Second, and Twenty-Third affirmative defenses.

    2. The Court **DENIES** Defendant's Motion to Strike Plaintiff's Twentieth and Twenty-First affirmative defenses.

    3. The Court **DENIES** Defendant's alternative request for a more definite statement. See Fed. R. Civ. P. 12(e); Nelson v. Quimby Island Reclamation Dist. Facilities Corp., 491 F. Supp. 1364, 1385 (N.D. Cal. 1980) ("Rule 12(e) 'is designed to strike at unintelligibility rather than want of detail.'").

**IT IS SO ORDERED.**

DATED: March  6 , 2015

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge